Filed 4/5/23  P. v. Garcia CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Colusa)

----

| | |
|---|---|
| THE PEOPLE, | C096042 |
| Plaintiff and Respondent, | (Super. Ct. No. CR61659) |
| v. | |
| DERICK MICHAEL GARCIA, | |
| Defendant and Appellant. | |

Defendant Derick Michael Garcia pled guilty to inflicting a corporal injury on his spouse, L.S., in exchange for a four-year upper term sentence in state prison. Defendant's appointed counsel filed an opening brief raising no legal issues and asking this court to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  Having done so, we affirm.

1

## BACKGROUND

Testimony at a preliminary hearing[1] established the following:  In December 2019, defendant, L.S.,[2] and their young children were staying in a motel when he accused her of having an affair with a family friend.  Defendant threatened to kill her and repeatedly hit her in the face, grabbed her hair and threw her around, and choked her until she was unable to breathe and lost consciousness.  After beating her, defendant told L.S. to call police to report that the family friend had raped her, and she did as instructed.

Police responded to the hotel and subsequently contacted defendant in his car; he admitted arguing with L.S. about whether she had been unfaithful.  A search of his vehicle revealed glass pipes with residue consistent with an instrument used for ingesting methamphetamine.  A photograph of L.S.'s physical injuries was introduced during the preliminary hearing.

Defendant was charged with corporal injury to a spouse and possession of drug paraphernalia.  For the corporal injury count, it was alleged that defendant personally inflicted great bodily injury involving circumstances of domestic violence, and that defendant had a prior serious felony conviction and a prior strike conviction.

In February 2022, defendant pled guilty to the corporal injury offense in exchange for a stipulated upper term sentence of four years in state prison and dismissal of the remaining charge and special allegations.  During the change of plea hearing, the trial court specifically explained to defendant that he was agreeing to the maximum term, and that "there doesn't need to be any other evidentiary support for the aggravated term" because the court would "simply impose [the upper term] because that's the stipulation . . . ."  Defendant acknowledged that he understood.

---

[1]  Defendant stipulated to the preliminary hearing transcript and a preplea report as the factual basis for his plea.

[2]  In November 2020, L.S. died in a car accident unrelated to the present criminal matter.

The parties agreed to deem the preplea report as a presentence report and to proceed immediately to sentencing. The court imposed the stipulated four-year upper term because "the parties have stipulated to the upper term as part of the agreement for a plea in this matter."

The court awarded defendant 30 days of actual credit plus 30 days of conduct credit for 60 days of total credit. The court imposed a minimum $300 restitution fine; a $300 parole revocation restitution fine, which was stayed pending successful completion of parole; a $30 criminal conviction assessment; and a $40 court security assessment. Defendant timely appealed without a certificate of probable cause.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and, pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436, requesting the court to review the record and determine whether there are any arguable issues on appeal. Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief, and he has not done so.

After independently reviewing the record, we find no arguable error that would result in a disposition more favorable to defendant.

3

# DISPOSITION

The judgment is affirmed.

/s/
MESIWALA, J.

We concur:

/s/
MAURO, Acting P. J.

/s/
KRAUSE, J.

4